IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cynthia Muse | Debtor | CHAPTER 13 |
| M&T Bank | Movant | |
| vs. | | |
| Cynthia Muse | Debtor | NO. 15-17096 JKF |
| William C. Miller Esq. | Trustee | |
| | | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$2,451.90,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2016 through August 2016 at $512.89 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 fees and $176.00 costs) |
| Suspense Balance: | $112.77 |
| **Total Post-Petition Arrears** | **$2,451.90** |

2. Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 plan to include the post-petition arrears of **$2,451.90** along with the prepetition arrears;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the postpetition arrears of **$2,451.90** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 18, 2016                    By:    /s/ Joshua I. Goldman, Esq.
                                                  Joshua I. Goldman, Esquire
                                                  Attorneys for Movant
                                                  KML Law Group, P.C.
                                                  Main Number: (215) 627-1322

Date: 8/18/2016

David M. Offen Esq.
Attorney for Debtor

Approved by the Court this _____ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon