## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cynthia Muse<br>　　　　Debtor | | CHAPTER 13 |
| M&T Bank<br>　　　　Movant<br>vs. | | NO. 15-17096 ELF |
| Cynthia Muse<br>　　　　Debtor | | |
| William C. Miller Esq.<br>　　　　Trustee | | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,188.79**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 1, 2018 to October 1, 2018 at $531.97/month |
| Suspense Balance: | $3.03 |
| **Total Post-Petition Arrears** | **$3,188.79** |

2. The Debtor shall cure said arrearages in the following manner;

　　a). By October 31, 2018, the Debtor will bring the loan fully current through October 31, 2018;

　　b). Beginning on November 1, 2018, the Debtor shall pay the present regular monthly payment of $531.97 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below;

**M&T Bank**
P.O. Box 62182
Baltimore, MD 21254-2182

　　c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 21, 2018

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 10/10/2018

David M. Offen, Esquire
Attorney for Debtor

Date: 10/15/18

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

**O R D E R**

Approved by the Court this 16th day of October, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank